**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| WASEEM DAKER, | : | HABEAS CORPUS |
| GDC No. 901373, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-1554-RWS-ECS |
| CARL HUMPHREY, | : | |
|     Respondent. | : | |

<u>**ORDER AND FINAL REPORT AND RECOMMENDATION**</u>

Waseem Daker is a state inmate serving a life sentence for malice murder and other crimes. While incarcerated, Daker has filed more than <u>fifty</u> cases and appeals in federal court. <u>See</u> www.pacer.gov (searched for "Daker, Waseem"; last viewed October 24, 2013).

This case is before the Court on Daker's request for permission to proceed <u>in forma pauperis</u> ("IFP"). <u>See</u> [Doc. No. 2]. Daker's affidavit recites substantially the same information that this Court has previously found inadequate to warrant the grant of permission to proceed IFP, revealing, as it does, that, despite his allegations of poverty, Mr. Daker remains the owner of a home worth

substantially more than its mortgage.[1]  Thus, it should come as no surprise to Daker that his request for permission to proceed IFP status is **DENIED** in this case, just as his IFP requests in other recent cases have been.  <u>See, e.g.</u>, <u>Daker v. Dawes</u>, No. 1:12-CV-119-RWS (N.D. Ga. Sept. 27, 2012) (Order entered more than a year ago denying IFP request); <u>Daker v. Robinson</u>, No. 1:12-CV-118-RWS (N.D. Ga. Sept. 27, 2012) (same).  <u>See also</u> <u>Daker v. Dawes</u>, No. 1:12-CV-119 (N.D. Ga. [Doc. No. 19 at 3 (citing five decisions in 2011 and 2012 in which the United States Court of Appeals for the Eleventh Circuit denied Daker permission to proceed IFP)].

Daker has engaged repeatedly in dilatory practices in dozens of earlier cases, including by routinely filing motions for reconsideration despite the prohibition on that practice in this Court's Local Rules.  <u>See</u> LR 7.2E, NDGa.  In light of that history, little purpose would be served by issuance of an Order extending Daker's time to pay a filing fee he has long been aware would be due in this case.

_____

[1]  Daker's latest IFP affidavit also avers that he owes "student loans, $25,000; attorneys fees from trial, $36,000 +; GDC prison account debt, $2880." <u>See</u> [Doc. No. 2 at 2].  These are debts that Daker has not previously disclosed.  This "oversight" casts doubt on the truth and reliability not only of his responses in prior IFP affidavits, but also of the truth and reliability of his present IFP affidavit.  The affidavit's veracity is all the more dubious because Daker represented himself at his murder trial, and the court-appointed backup counsel were court-paid.

If Mr. Daker does not remit the filing fee within the objection period for this Final Report and Recommendation, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE.**

To the extent it is necessary to address whether a certificate of appealability is warranted from the dismissal without prejudice of this case for failure to pay the filing fee, the undersigned **RECOMMENDS** that a certificate of appealability be **DENIED** because Daker has not made the requisite showing. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Daker's additional motions [Doc. Nos. 3, 4, 5, 6] are **DENIED WITHOUT PREJUDICE** as moot.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO ORDERED, RECOMMENDED, AND DIRECTED**, this 31st day of October, 2013.


_S/ E. Clayton Scofield III_
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

3